IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CANDICE WEBSTER-MERRITT** | : | |
| | : | |
| | : | **CIVIL ACTION COMPLAINT NO**. |
| Plaintiff, | : | |
| | : | **JURY TRIAL OF TWELEVE (12)** |
| | : | **DEMANDED** |
| v. | : | |
| | : | |
| **TRANS UNION LLC** | : | |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW comes the Plaintiff, Candice Webster-Merritt (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendant by and through their complaint that alleges the following:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant in this matter resides in the state of Pennsylvania as defined under 28 U.S.C. §1391 (c)(2) based upon information and belief.

### PARTIES

1

4. Plaintiff is a natural person and is a citizen of the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Trans Union, LLC, (hereinafter Trans Union) is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Trans Union's main corporate office is held in Philadelphia, Pennsylvania.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7. Plaintiff's Fedloan account # 7823**** was fully satisfied on or about 04/17/2013 which brought it current with a $0 balance.

8. TransUnion's report dated 10/24/2018 reported Plaintiff's Fedloan account with a "Pay Status: Account 60 Days Past Due Date".

9. Although Plaintiff's account was fully satisfied, Plaintiff's Trans Union report dated 10/24/2018 reported the "Pay Status: Account 60 Days Past Due Date". It is impossible and incorrect for an account that was fully satisfied which brought it current with a "0" balance as of to still be reporting as late as of 10/24/2018. Not only is the Fedloan account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously fully satisfied.

10. As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union, dated 09/28/2018 (Please see Exhibit A). As a result of Plaintiff's dispute, Fedloan verified the account as accurate and instructed Trans Union to continue to report the inaccurate credit information (Please see Exhibit B). Trans Union continued to report the inaccurate credit information at the instructions of Fedloan. Plaintiff's latest Trans Union credit report dated 10/24/2018 is currently reporting the same inaccurate information that was disputed on 09/28/2018.

11. Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

12. Fedloan did not provide a good faith investigation into the disputed account of Plaintiff.

13. Trans Union did not provide a good faith investigation into the disputed Fedloan account.

14. The Fedloan account is not only inaccurate, but it is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988)(a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions").

15. Trans Union has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

16. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their

credit worthiness. This information was furnished by Fedloan and reported by Trans Union, misrepresenting the payment rating and/or status of Plaintiff's account, and is currently being reported and reflected upon Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

17. Plaintiff's credit reports, credit information and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by Fedloan and reported by Trans Union is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

18. As a result of the Defendant, Trans Union's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

20. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

22. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

23. This suit is based upon the Defendant's violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

### COUNT I—VIOLATION OF THE FAIR REPORTING ACT

24. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

25. This suit is brought against the Defendant as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendant did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### ***TransUnion's FCRA Violations***

26. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate the inaccurate reporting of their account via detailed and thorough dispute letter

27. The dispute was detailed, thorough and informed Trans Union of all the relevant information regarding the inaccuracies of the account and provided enough information to show the account was being reported inaccurately.

28. Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

29. This account was fully satisfied, and Trans Union is currently reporting Plaintiff's account with a "$0" balance but currently past due. It is impossible for Plaintiff to make "$0" payments to bring the account current. With this type of reporting, Plaintiff will never be able to bring the account current.

31. Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the account was extremely inaccurate with the information that was provided.

32. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have properly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted this proper investigation they would have corrected or deleted the Plaintiff's account that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C.

§1681i(a)(1)(a) reads:

>  (a)  Reinvestigations in case disputed information
>
>  (1) Reinvestigation required
>
>> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> (A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
>> (i)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>>
>> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

33. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

34. Plaintiff's account was fully satisfied, but Trans Union continued to report the account with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance, after the account was paid off and brought current. Trans Union should be reporting the account as "current" and

not "past due." This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that this account was paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

> (a) Accuracy of the Report
>
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

35. Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

36. The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.

37. Defendant cannot rely on their industry guidelines as a defense in this matter. Please see *EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant."* We agree with Plaintiff


that Defendant may not use these guidelines as a defense here. Notably, Defendant does not cite to any legal authority for the proposition that adherence to these industry guidelines shields it from FCRA liability. (*See* ECF No. 86 at 15-16.) Indeed, the relevant case law plainly runs counter to this argument. *See, e.g.*, *Florence v. Cenlar Fed. S&L*, No. 16-587, 2018 U.S. Dist. LEXIS 34151, at *20 (D. Nev. Mar. 1, 2018) ("industry guidelines—such as Metro 2—do not establish the standards for accuracy under the FCRA."); *Burrows v. Experian Info. Sols., Inc.*, No. 16-6356, 2017 U.S. Dist. LEXIS 39845, at *21-22 (N.D. Cal. Mar. 20, 2017) ("FCRA does not mandate compliance with Metro 2 or any other particular set of industry standards."). EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant., No. CV 18-1538, 2020 WL 5820700, at *12 (E.D. Pa. Sept. 30, 2020)

### *Third Parties have viewed Plaintiff's Trans Union's Credit Report*

38.     The negative tradeline(s) reported by Fedloan on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

39.     Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Fedloan on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

40.     The conduct of the Defendant was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

**DEMAND FOR JURY TRIAL**

41.     Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

BY: /s/ Matthew Weisberg
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
DATED: 10-20-2020

BY: /s/ Gary Schafkopf
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
DATED: 10-20-2020